UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 21-33989 |
| | § | |
| SMOKINKWR LLC, | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

### AGREED INTERIM ORDER FOR USE OF CASH COLLATERAL

Upon the agreement of the debtor, Smokinkwr LLC (the "**Debtor**"), and secured creditor US Foods, Inc. ("**US Foods**"), Fox Capital Group, Inc., Wynwood Capital Group, LLC, EBF Holdings, LLC d/b/a Everest Business Funding, and Spark Funding LLC d/b/a Fundamental Capital, for an interim order approving the use of cash collateral subject to the terms and conditions set forth herein, including (i) grant of security interests, liens and claims for the benefit of US Foods, post-petition which are co-extensive with its pre-petition liens (to the extent of such liens) and (ii) grant of security interests, liens and claims in order to provide adequate protection to US Foods as more fully set forth herein, and upon the proceedings held before the Court and good and sufficient cause during therefore,

THE PARTIES AGREE AND THE COURT HEREBY FINDS:

1. On December 14, 2021, the Debtor filed a petition under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").

2. On December 16, 2021, the United States Trustee appointed Brendon Singh as Subchapter V Trustee.

3. The Debtor is operating its business as a debtor-in-possession under Bankruptcy Code sections 1107 and 1108.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 156(b) and 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor is in the business of operating approximately fifteen Dickey's Barbecue Pit restaurants, primarily within the Houston and Dallas metropolitan areas.

6. The Debtor and US Foods are party to that certain Master Distribution Agreement effective October 21, 2018 (as amended from time to time, the "**MDA**").

7. By operation of the MDA and that certain UCC-1 financing statement filed on July 6, 2020 (Filing Number 20-0033170824) the Debtor granted to US Foods a first lien security interest in all of the Debtor's personal property, including, but not limited to, accounts, goods, inventory, equipment, fixtures and vehicles, together with the proceeds and products of any of them, all of which constitute cash collateral (the "**Cash Collateral**") of US Foods.

8. Without the availability of Cash Collateral, the Debtor lacks sufficient funds to operate its business.

9. The Debtor has no source of cash other than the Cash Collateral.

10. Subject to (i) a full reservation of its rights with respect to any final hearing and (ii) the granting of post-petition replacement liens, and the other terms and restrictions of this Order, US Foods consents to use of its Cash Collateral on an interim basis until January 7, 2022, pursuant to the terms set forth herein and the Interim Budget, attached to this Order as **Exhibit A**, only to pay expenses critical to the preservation of the Debtor and its estate.

11. This Court concludes that immediate entry of this Order is in the best interests of the Debtor's estate and creditors.

12. Accordingly, based on the foregoing, the record of this bankruptcy case, and for good and sufficient cause, it is:

ORDERED that the Debtor is authorized to use the Cash Collateral solely for the Debtor's business for the period of December 14, 2021 through January 7, 2022 (the "**Interim Period**") only in the amounts, and only for the purposes specified in the interim budget attached hereto as **Exhibit A** and incorporated herein (the "**Interim Budget**"). For the avoidance of doubt, the Cash Collateral may be used solely and exclusively for those expenses that relate directly to or arise from the operations of the Debtor as set forth in **Exhibit A**; it is further,

ORDERED that, during the Interim Period, the Debtor shall not exceed the budgeted amount for any line item in the Interim Budget by more than five (5) percent unless US Foods agrees in writing to a greater variance. The Debtor is authorized to collect and receive all cash funds; it is further

ORDERED that US Foods is hereby granted, without the need for any further filing, instrument, recording, or otherwise, an automatically perfected, valid, and binding replacement lien (the "**Adequate Protection Liens**"), with the same priority and validity as existed on the Petition Date, in and to the same property of the Debtor against which US Foods would have had liens pursuant to the operative agreements between the parties or applicable law, to the extent of any diminution in the value of US Foods's Cash Collateral resulting from the Debtor's use of the Cash Collateral. Such Adequate Protection Liens shall not be made subject to or pari passu with any lien or security interest heretofore or hereinafter in this case or any successor case and shall be in all respects valid and enforceable against any trustee appointed in this case or any successor case, or upon dismissal of this case or any successor case.

The Adequate Protection Liens shall not be subject to sections 506(c), 510, 549 or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code shall be pari passu with or senior to the Adequate Protection Liens; it is further

ORDERED that during the Interim Period, the Debtor shall continue to make weekly adequate protection payments of $1,300 to US Foods in ready available funds, payable each Friday; it is further

ORDERED that during the Interim Period, the Debtor shall make to US Foods contemporaneous payments for any goods or services delivered or rendered by US Foods to the Debtor.

ORDERED that the Interim Period, and operation of this Order, may only be extended by agreement of the Debtor and the written consent of US Foods, in their sole and absolute discretion, by filing a stipulation executed by US Foods in this case, in which case all provisions, dictates, and protections of this Order will apply to any such extended term, which term shall be considered within the meaning of the Interim Period as defined and applied in this Order; and further

ORDERED that during the period of this Interim Order, Debtor shall maintain insurance coverage required by US Foods's loan documents on US Foods's equipment and inventory collateral; it is further

ORDERED that to the extent the adequate protection provided for hereby proves insufficient to protect US Foods's interest in and to the cash collateral, US Foods shall have a superpriority administrative expense claim pursuant to section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under section 507(a) of the Bankruptcy Code,

whether in this proceeding or any superseding proceeding. The replacement lien and security interests granted herein is automatically deemed perfected upon entry of this Order without the necessity of US Foods taking possession, filing financial statements, security agreements, or other documents; it is further

ORDERED that upon reasonable notice by US Foods, Debtor shall permit US Foods and any of its agents, reasonable and free access to Debtor's records and place of business during normal business hours to verify the existence, condition, and location of collateral in which US Foods holds a security interest and to verify Debtor's cash receipts and disbursements; it is further

ORDERED that the provisions of this Order shall be binding upon and inure to the benefit of US Foods and the Debtor. However, nothing herein shall prevent US Foods or the Debtor from seeking any further relief under the Bankruptcy Code and this Order shall not prejudice the rights of third parties relative to the stipulation between the Debtor and US Foods for the existence, validity, and priority of US Foods's perfected and prior security interest in the Cash Collateral; it is further

ORDERED that nothing herein shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the Adequate Protection Liens or other adequate protection as may be provided to US Foods are insufficient to compensate US Foods for any diminution in its Cash Collateral during this case or any successor case; it is further

ORDERED that the automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the Debtor to grant the Adequate Protection Liens, (b) permit the Debtor to perform such acts as US Foods may request in its sole discretion to

assure the perfection and priority of the liens granted herein, and (c) authorize the Debtor to pay, and US Foods to retain and apply toward any of Debtor's loan obligations, in its sole and absolute discretion, all payments made in accordance with the terms of this Interim Order and the Interim Budget; it is further

ORDERED that the Court shall retain jurisdiction to implement, interpret, and enforce this Order.

ORDERED the Debtor-in-Possession shall pay by January 17, 2022 to the parties the amounts listed on **Exhibit B** attached to this Order; and it is further

ORDERED that all arguments of Fox Capital Group, Inc., Wynwood Capital Group, LLC, EBF Holdings, LLC d/b/a Everest Business Funding and Spark Funding, LLC d/b/a Fundamental Capital, including but not limited to, arguments related to the nature of its transaction with the Debtor and the applicability of Section 552 of the Bankruptcy Code are reserved and nothing in this order shall impact its ability to raise such arguments in the future, and it is further

**ORDERED** that Fox Capital Group, Inc., Wynwood Capital Group, LLC, EBF Holdings, LLC d/b/a Everest Business Funding, and Spark Funding, LLC d/b/a Fundamental Capital shall be permitted to file either original, supplemental, or amended objections and memoranda of law regarding the Motion on or before January 25, 2021.

ORDERED that a continued hearing on the Motion shall be held on January 26, 2022 at 4:00 p.m. CST in the Bob Casey Federal Building, Courtroom No. 401, 515 Rusk Avenue, Houston, Texas 77002.

**SIGNED**:_____

**UNITED STATES BANKRUPTCY JUDGE**

AGREED:

US FOODS, INC.

Brian Shaw
Attorney-in-Charge
Illinois State Bar No. 6216834
(Pro Hac Vice application pending)
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
Telephone: (312) 382-3100
Facsimile: (312) 382-8910
E-mail: bshaw@cozen.com

Of Counsel:
COZEN O'CONNOR
and the following attorneys of the same firm:

s/ Bryan P. Vezey
Bryan P. Vezey
(signed by permission of attorney-in-charge)
Texas State Bar No. 00788583
S.D. Texas Bar No. 19217
1221 McKinney, Suite 2900
Houston, TX 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905
E-mail: bvezey@cozen.com

Thomas M. Horan
Delaware State Bar No. 4641
(Pro Hac Vice application pending)
Marla Benedek
Delaware State Bar No. 6638
(Pro Hac Vice application pending)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
Telephone: (302) 395-2024
Facsimile: (302) 250-4498
E-mail: THoran@cozen.com
E-mail: MBenedek@cozen.com

ATTORNEYS FOR US FOODS, INC.

FOX CAPITAL GROUP, INC. and
WYNWOOD CAPITAL GROUP, LLC

By: */s/ Shanna M. Kaminski*
Shanna M. Kaminski
Kaminski Law, PLLC
P.O. Box 725220
Berkley, Michigan 48072
(248) 462-7111
skaminski@kaminskilawpllc.com


EBF HOLDINGS, LLC d/b/a EVEREST BUSINESS FUNDING

PADFIELD & STOUT, L.L.P.
420 Throckmorton St., Suite 1210
Fort Worth, Texas 76102
817-338-1616 phone
817-338-1610 fax

/s/ Mark W. Stout
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
Brandon J. Gibbons
State Bar I.D. # 24082516
bgibbons@padfieldstout.com


SPARK FUNDING, LLC d/b/a FUNDAMENTAL CAPITAL

MAURICE WUTSCHER, LLP
/s/ Keith Wier
Keith Wier, SBN: 21436100
5851 Legacy Circle, Suite 600
Plano, TX 75024
Telephone: (469) 375-6792
Email: kwier@mauricewutscher.com

Counsel for Spark Funding, LLC d/b/a Fundamental Capital

SUBCHAPTER V TRUSTEE

/s/ Brendon Singh
Brendon Singh
2502 La Branch Street
Houston, TX 77004
Email: bsingh@ts-llp.com
Office: 832-975-7300

SMOKINKWR LLC

By: /s/ Thomas F. Jones III
Thomas F. Jones III
Texas Bar No. 10974400
Federal Id No. 2048
1770 St. James Place, Suite 105
Houston, Texas 77056
Tel: (832) 398-6182
Fax: (832) 200-3524
Email: tfjpacer@gmail.com
ATTORNEY FOR DEBTOR-IN-POSSESSION
SMOKINKWR LLC