IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § Subchapter V <br> SMOKINKWR LLC § <br> § Case No. 21-33989 <br> Debtor. § **Christopher M. Lopez** | |

**EMERGENCY MOTION FOR ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS <u>FOR ADDITIONAL ADEQUATE ASSURANCE</u>**

THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT SETS THIS MOTION FOR AN EMERGENCY HEARING, ATTENDANCE AT THIS HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

A HEARING HAS BEEN REQUESTED ON JANUARY 20, 20222 BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ THROUGH VIDEO PARTICIPATION WWW.GOTOMEET.ME/JUDGELOPEZ AND TELEPHONIC PARTICIPATION (832) 917-1510 CONFERENCE CODE 590153.

**To the Honorable Christopher M. Lopez:**

Smokinkwr LLC (hereinafter "Smokinkwr"), Debtor-in-Possession, by and through its undersigned proposed counsel, who hereby files this emergency motion (the "Motion"), for order

1

(i) prohibiting utility providers from altering, refusing, or discontinuing services and (ii) establishing procedures for determining requests for additional adequate assurance (the "Motion"). In support thereof, Smokinkwr would show as follows:

## SECTION I
## JURISDICTION & VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b).  Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION II
## STATEMENT OF THE CASE & EMERGENCY CONSIDERATION

2.    Smokinkwr filed a voluntary petition for relief on December 14, 2021 (the "Petition Date") under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") with a Subchapter V election.  The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3.    Pursuant to Bankruptcy Code sections 1107(a) and 1108, Smokinkwr is managing the estate as debtor in possession.  Brendon Singh has been appointed Subchapter V Trustee.

4.    Smokinkwr currently obtains services for water, sewage, electricity and internet from several utility providers (collectively the "Utility Providers" and individually a "Utility") for its various BBQ restaurants.  The list of the Utility Providers is attached as **Exhibit A**.

5.     Given that the initial stay granted under section 366 of the Bankruptcy Code terminates on January 3, 2022, Smokinkwr's needs continued utility services at its BBQ restaurants and believes that expedited consideration is warranted.

6. Smokinkwr will supplement this motion by attaching a list of names and addresses of any undisclosed Utility Providers that were providing services to Smokinkwr as of the Petition Date prior to the anticipated hearing date of this motion (the "Utility Provider List").

## SECTION III
## RELIEF SOUGHT & LEGAL AUTHORITIES

6. SMOKINKWR seeks an order (i) prohibiting the Utilities from altering, refusing and discontinuing services on account of prepetition invoices and (ii) establishing procedures for determining requests for additional adequate assurance pursuant to section 366 of the Bankruptcy Code. Smokinkwr requests the approval of the following procedures:

*Proposed Adequate Assurance*

- Each Utility shall retain its existing deposit and Smokinkwr shall segregate an additional security deposit equal to an average month of usage upon written request

*Procedures for Requesting Additional Adequate Assurance*

- If any Utility is unsatisfied with Smokinkwr's proposed adequate assurance, it must (i) file a motion with the Bankruptcy Court requesting additional adequate assurance and clearly setting forth the basis for the request and (ii) set a motion for hearing no earlier than 30 days after the filing of the motion.
- Absent further order, pursuant to a motion seeking additional adequate assurance or otherwise, all Utility Providers are prohibited from interfering with, disturbing, or discontinuing services to Smokinkwr on account of this bankruptcy case and/or any unpaid invoices for prepetition services.

7. 11 U.S.C. § 366 prohibits a utility company from altering or discontinuing services with respect to a debtor during the first 20 days of its bankruptcy filing based upon (i) the debtor's commencement of a chapter 11 case or (ii) a pre-petition payment default. Upon the expiration of the 20-day period, utility companies may alter, refuse, or discontinue services if the debtor does not furnish adequate assurance of payment of postpetition utility service obligation.

3

8. Pursuant to this Court's powers under section 105 of the Bankruptcy Code, Smokinkwr requests that if this Motion is granted, the Utility Providers be prohibited from altering or discontinuing services unless it files a motion with the Bankruptcy Court requesting additional adequate assurance and setting a motion for hearing no earlier than 30 days after the filing of the motion.

9. Smokinkwr believes the proposed procedures above are fair and protect both Smokinkwr and the Utility Providers as each Utility is provided adequate assurance in the form of the retention of the existing security deposit and the additional security deposit, equivalent of one month's usage.

10. Smokinkwr proposes to mail a copy of the attached order to all Utility Providers within 10 days of its entry of the order granting this Motion. Should Smokinkwr discover any additional Utility not already listed on the Utility Provider List, Smokinkwr shall promptly serve a copy of the Motion and Order on those Utilities. For any Utility identified after the filing of this Motion, Smokinkwr requests that the prohibitions and procedures set forth herein be extended to those Utilities without further order of the Court.

WHEREFORE, Smokinkwr LLC respectfully requests that this Court enter an order (i) prohibiting Utilities from altering, refusing, or discontinuing services on account of prepetition invoices and (ii) establishing procedures for determining requests for additional adequate assurance and, (iii) for such other relief as is equitable and just.

Dated: January 17, 2022

                Respectfully submitted,

                THE LAW OFFICE OF THOMAS F. JONES III

                By: */s/ Thomas F. Jones III*
                Thomas F. Jones III
                Texas Bar No. 10974400
                Federal Id No. 4048
                1770 St. James Place, Suite 105
                Houston, Texas 77056
                Tel: (832) 398-6182
                Fax: (832) 200-3524
                Email: tfjpacer@gmail.com
                ATTORNEY FOR DEBTOR-IN-POSSESSION