IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case no. 21-33989 |
| Smokinkwr LLC | § | Chapter 11 |
|     Debtor-in-Possession | § | |

**<u>EMERGENCY MOTION OF SMOKINKWR LLC CONCERNING BUSINESS SERVICE AGREEMENTS AND BANKING RELATIONSHIPS</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**DEBTOR-IN-POSSESSION REQUESTS THE COURT HEAR THE MOTION ON JANUARY 20, 2022 OR AS SOON AS PRACTICALLY POSSIBLE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

    COMES NOW, Smokinkwr LLC ("Debtor-in-Possession or DIP"), with its Emergency Motion Concerning Business Service Agreements and Banking Relationships ("Motion"), and in support thereof would respectfully show unto this Court as follows:

## BASIS FOR EMERGENCY CONSIDERATION

1. Debtor-in-Possession respectfully requests the Court consider this Motion on an emergency basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2). Debtor-in-Possession believes that an orderly transition into bankruptcy is crucial to the viability its operations and any delay in obtaining the requested relief on an emergency basis would severely disrupt the Debtor-in-Possession's operations and cause irreparable harm.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1334, venue is appropriate pursuant to 28 U.S.C. § 1408, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

## FACTS

3. Debtor-in-Possession is in the business of preparing BBQ food which is sold to retail customers.

4. On December 14, 2021, Debtor-in-Possession filed a voluntary Chapter 11 petition to protect its business as an ongoing concern. No Trustee has been appointed and the Debtor-in-Possession is operating as a Debtor-in-Possession-in-Possession.

5. To support the operations, Debtor-in-Possession uses the services of other companies.

6. These services are provided by Chase Merchant Services, Square, and ADP.

7. Chase Merchant Services and Square process credit card payments made by walk-in customers at the stores operated by the Debtor-in-Possession.

8. ADP provides payroll services for the employees of the Debtor-in-Possession.

9. Banking: Debtor-in-Possession maintains bank accounts at JPMorgan Chase Bank, N.A.

10. Debtor-in-Possession asks for authority to continue to use its current banking relationships. Many customers pay by credit card for the food and beverages the DIP sells. Most of the credit card payments are collected by third party delivery entities. It is difficult to have these third party delivery entities effectively and quickly change the process of transferring the credit card receivables to new DIP bank accounts

11. Credit card payments are processed by Chase Merchant Services. Funds on deposit at Chase Merchant Services are transferred to the DIP's operating account at JPMorgan Chase Bank. From this operating account, the DIP pays its employees.

12. Due to the arrangements with its payors and perceived resistance and complications associated with having the payors change payee information, the DIP asks that it be permitted to continuing its accounts at JPMorgan Chase Bank, N.A.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor-in-Possession prays the Court conduct an Emergency Hearing on the Motion to authorize the Debtor-in-Possession to continue relationships with ADP, maintain its existing banking relationships, and for such other and further relief, at law and in equity, as the Court deems just.

Dated: January 17, 2022            Respectfully submitted,

                                   THE LAW OFFICE OF THOMAS F. JONES III

                                   By: */s/ Thomas F. Jones III*
                                   Thomas F. Jones III
                                   Texas Bar No. 10974400; Federal Id No. 4048
                                   1770 St. James Place, Suite 105
                                   Houston, Texas 77056
                                   Tel: (832) 398-6182; Fax: (832) 200-3524
                                   Email: tfjpacer@gmail.com
                                   ATTORNEY FOR SMOKINKWR LLC