IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-33989 |
| | § | |
| SMOKINKWR LLC | § | Chapter 11 |
| | § | |
| Debtors | § | |

**LIMITED OBJECTION OF CERTAIN TEXAS TAXING ENTTITIES' TO THE EMERGENCY MOTION OF DEBTOR FOR APPROVAL OF POST-PETITION FINANCING AND GRANTING RELATED RELIEF**
(Relates to Document #68)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Brazoria County Texas Office, Brazoria County MUD #26, Harris County MUD #102, Dickinson ISD, Klein ISD, Kleinwood MUD, City of Burleson, Burleson ISD, Johnson County, Arlington ISD, and Frisco ISD (the "Certain Texas Taxing Entities"), secured creditors and parties in interest and file this Limited Objection to the Emergency Motion of Debtor for Approval of Post-Petition Financing and Granting Related Relief (the "DIP Finance Motion"), and respectfully shows as follows.

Background

1. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2. The Certain Texas Taxing Entities hold secured pre-petition tax claims for the deliquent tax years 2021 and prior in the approximate amount of $18,954.82[1] (the "Tax Claims"). These

---
[1] The tax claim amounts are still undergoing review and are subject to change.

1

claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year. The tax liens for the 2022 tax year attached to the property on January 1, 2022.

3. The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code.

4. The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02. The 2021 and prior year's taxes are now delinquent.

## Limited Objection to DIP Finance Motion

5. The Certain Texas Taxing Entities object to the DIP Finance Motion to the extent that it seeks to prime the valid, enforceable, senior liens held by the Texas Taxing Entities without adequate protection or consent as required by 11 U.S.C. 364(d)(1)(B)[2].

6. The Certain Texas Taxing Entities request adequate protection in the form of a final order that exempts their liens from priming by the DIP Lender or any other party.

7. Alternatively, the Certain Texas Taxing Entities request adequate protection in the form of a final order that provides sufficient funds to pay their claims, plus interest at the applicable non-bankruptcy rate, set aside in a segregated account for the sole purpose of paying its claims. The Certain Texas Taxing Entities further requests that the Court enter an order that the segregated funds not be paid to any other party until the Tax Claims have been paid in full.

8. The Certain Texas Taxing Entities further object to the entry of a final order that proposes to provide special treatment to other similarly situated taxing jurisdictions that may have

---

[2] 11 USC 364(d)(1)(B) requires that "… there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

negotiated with the Debtors without providing the same treatment to the Certain Texas Taxing Entities.

9. Counsel for the Certain Texas Taxing Entities have or will confer with counsel for the Debtors in an attempt to reach an agreement.

<u>Prayer</u>

WHEREFORE, The Certain Texas Taxing Entities respectfully request that a Final Order approving the DIP Finance Motion (1) include language that their liens are not primed nor made subordinate to any other party including the DIP Lender or related entities, or (2) provide sufficient funds to pay the Tax Claims plus interest at the applicable non-bankruptcy rate, set aside in a segregated account for the sole purpose of paying its claims, not to be paid to any other party until the Tax Claims have been paid or without further order of this Court and (3) grant them such other and further relief as is just and proper.

Dated: February 10, 2022

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
Attorneys for The Certain Texas Taxing Entities
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 (phone)
(713) 862-1429 (fax)

<u>/s/ Melissa E. Valdez</u>
Melissa E. Valdez
Texas Bar No. 24051463
Owen M. Sonik
Texas State Bar No. 18847250
Linda Reece
Texas Bar No: 24065471

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Limited Objection has been sent to the parties listed below electronically or by the method indicated on this the 10th of February 2022.

**COUNSEL TO THE DEBTORS**

Thomas Frederick Jones, III
Law Office of Thomas F. Jones III
PO Box 570783
Houston, TX 77257-0783
832-398-6182
Fax : 832-200-3524
Email: tfjpacer@gmail.com

**SUBCHAPTER V TRUSTEE**

Brendon D. Singh
Tran Singh, LLP
2502 La Branch Street
Houston, TX 77004
832-975-7300
Email: bsingh@ts-llp.com

**OFFICE OF THE UNITED STATES TRUSTEE**

Ha Minh Nguyen
Office of the United States Trustee
515 Rusk St, Ste 3516
Houston, TX 77002
202-590-7962
Email: ha.nguyen@usdoj.gov

And all other parties via CM/ECF-enotice.

/s/*Melissa E. Valdez*
Melissa E. Valdez

4