United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 21-33989 |
| SMOKINKMR LLC, § | |
| § | Chapter 11 |
| Debtor. § | |
| § | |

**AGREED ORDER REGARDING LEMARQUE LANDLORD'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

[Relates to Docket No. 70]

Upon the *Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection* [Docket No. 70] (the "Motion") filed by KM LaMarque LLC ("Landlord"), a party-in-interest herein; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 and the Motion presenting a core proceeding under 28 U.S.C. § 157(b)(2); and upon the hearing on the Motion on February 22, 2022 and the evidence adduced thereat and the arguments of counsel and it appearing that Landlord, Smokinkwr, LLC ("Debtor") and any other party filing objections to the Motion have agreed to the terms of this Order, it is hereby **ORDERED** as follows:[1]

1. The Motion is **GRANTED** upon the terms set forth herein.

2. All objections to the relief requested in the Motion not expressed granted in this Order are hereby denied.

3. Landlord shall be paid the following amounts by no later than February 22, 2022 at 10:00 am (a) rent and related charges for the month of February 2022 in the amount of $7,232.64, including a late fee of $344.42; and (b) a late fee in the amount of $344.42 for the month of January 2022.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

4870-5412-3791.2

2

4. Landlord is entitled to recover reasonable attorneys' fees incurred during Debtor's bankruptcy case. Debtor waives all objections to the recovery of Landlord's attorneys' fees, other than to the reasonableness of the fees.

5. Rent and related charges in the amount of $6,958.41, including a late fee of $331.36, shall be paid to Landlord for the month of December 2021 no later than May 2, 2022.

6. If there are defaults in any provision of this Order or the Lease hereafter, the automatic stay pursuant to section 362 of the Bankruptcy Code shall immediately lift, without further order of the Court, upon the filing of a notice of default by Landlord and the failure to cure any such noticed default within five calendar days. Upon Landlord's filing of a third notice of default authorized by this Order, the automatic stay shall be immediately lifted without further notice or order of the Court. In the event the automatic stay lifts pursuant to the terms of this Order, Landlord shall be authorized to take such actions under applicable non-bankruptcy law to terminate the Lease, remove Debtor and any other party from possession of the Premises including all personal property in the Premises.

7. Landlord reserves all claims, rights and defenses in the event the subject Lease is proposed to be assumed and/or assigned in the future.

8. Any claims that may exist for Landlord's reconciliation of CAM charges, taxes and insurance under the Lease for the year 2021 are reserved for further determination.

9. In the event the automatic stay is lifted pursuant to the terms of this Order, Landlord is further allowed to pursue any and all claims, rights or remedies that may be available to Landlord against Hubbard under applicable non-bankruptcy law including eviction from the Premises.

10. Nothing contained in this Order affects any liens or claims that may be held or possessed by Galveston County. Additionally, in the event the automatic stay is modified as to

Landlord as authorized by the terms of this Order, the automatic stay is additionally modified to allow Galveston County to purse all rights and remedies available to it pursuant to applicable non-bankruptcy law against the Debtor (or its property) with respect to personal property located at the Premises.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rule 4001(a)(3), the Court finds that there is no reason for delay in the implementation of this Order and that this Order shall not be stayed but shall instead be immediately effective and enforceable upon entry.

12. The Court retains exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

Signed: February 18, 2022

Christopher Lopez
United States Bankruptcy Judge

**AGREED AS TO FORM AND CONTENT:**

**GRAY REED**

By: /s/ Micheal W. Bishop
    Micheal W. Bishop
    Texas Bar No. 02354860
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: mbishop@grayreed.com

-and-

    David Leonard
    Texas Bar No. 24078847
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: dleonard@grayreed.com

*Counsel to KM Lamarque LLC*

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**

*/s/ Jeannie L. Andresen*
John P. Dillman
Texas State Bar No. 05874400
Tara L. Grundemeier
Texas State Bar No. 24036691
Jeannie L. Andresen
Texas State Bar No. 24086239
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Telecopier*
john.dillman@lgbs.com
tara.grundemeier@lgbs.com
jeannie.andresen@lgbs.com

*Counsel for Galveston County*

**SMOKINKWR LLC**

By: /s/ Thomas F. Jones, III
Thomas F. Jones III
Texas Bar No. 10974400
Federal Id No. 2048
1770 St. James Place, Suite 105
Houston, Texas 77056
Tel: (832) 398-6182
Fax: (832) 200-3524
Email: tfjpacer@gmail.com

*Attorney For Debtor-In-Possession
Smokinkwr LLC*

4870-5412-3791.2