IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case no. 21-33989 |
| Smokinkwr LLC | § | Chapter 11 |
| Debtor-in-Possession | § | |

**EMERGENCY MOTION OF SMOKINKWR LLC TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE AND FOR PROVISION OF INFORMATION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**DEBTOR-IN-POSSESSION REQUESTS THE COURT HEAR THE MOTION ON FEBRUARY 28, 2022 OR AS SOON AS PRACTICALLY POSSIBLE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Smokinkwr LLC ("Debtor-in-Possession or DIP"), with its Emergency Motion to Compel Turnover of Property of the Estate and for Provision of Information ("Motion"), and in support thereof would respectfully show unto this Court as follows:

## BASIS FOR EMERGENCY CONSIDERATION

1. Debtor-in-Possession respectfully requests the Court consider this Motion on an emergency basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2). Debtor-in-Possession believes that an orderly transition into bankruptcy is crucial to the viability its operations and any delay in obtaining the requested relief on an emergency basis would severely disrupt the Debtor-in-Possession's operations and cause irreparable harm.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1334, venue is appropriate pursuant to 28 U.S.C. § 1408, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

## BACKGROUND

3. Debtor-in-Possession is in the business of preparing BBQ food which is sold to retail customers.

4. On December 14, 2021, Debtor-in-Possession filed a voluntary Chapter 11 petition to protect its business as an ongoing concern. No Trustee has been appointed and the Debtor-in-Possession is operating as a Debtor-in-Possession-in-Possession.

5. Debtor-in-Possession sells food through a number of delivery services, such as DoorDash and Grubhub.

6. Usually when DoorDash or Grubhub received an order from a customer for food sold by the Debtor-in-Possession, the customer purchased the food using a credit card, and then the DoorDash or Grubhub processed the credit card charges through Stripe, which reported the sale to the Debtor-in-Possession and deposited the funds in the Debtor's accounts with Chase Merchant Services and/or JP Morgan Chase Bank.

7. Customers also place orders with the Delivery Services using the OLO internet application of Dickey's corporate parent. These credit card charges are also processed by Stripe.

8. Prior to the filing of the bankruptcy case, several of the Merchant Cash Advance companies ("MCAs") to whom the Debtor-in-Possession was allegedly indebted, placed UCC holds with DoorDash, Grubhub, Stripe, Chase Merchant Services, and/or JPMorgan Chase Bank.

9. Although the MCA's UCC holds have been released, DoorDash, Grubhub, OLO, and Stripe continue to withhold information about post-petition sales and fail to deposit funds owed to the Debtor-in-Possession for post-petition sales.

10. Further, despite numerous requests, Chase Merchant Services has failed to explain what happened to $32,540.19. A copy of the Chase Merchant Services statement is attached as Exhibit A.

11. Pre-petition Debtor-in-Possession deposited $20,000.00 as a retainer with New York attorney Grant Phillips to resolve the disputes with the MCAs. No resolution was ever attempted by Mr. Phillips. Debtor-in-Possession requested Mr. Phillips return the $20,000.00 retainer but has not received a response.

## REQUEST FOR RELIEF

12. Funds collected by the DoorDash, Grubhub, OLO, and Stripe from customers' purchases from the Debtor-in-Possession's stores is property of the bankruptcy estate. The Debtor-in possession requests entry of an Order compelling the DoorDash, Grubhub, OLO, and Stripe to turn over these funds and provide all requested statements/information by a certain date.

13. The Debtor-in-Possession requests entry of an Order compelling Chase Merchant Services to provide information about the missing $32,540.19 and turn over any funds owed to the Debtor-in-Possession by a certain date.

14. The Debtor-in-Possession requests the entry of an Order compelling New York attorney Grant Phillips to provide information about the $20,000.00 retainer and turn over any funds by a certain date. The retainer is property of the bankruptcy estate.

WHEREFORE, based on the foregoing, the Debtor-in-Possession requests all relief set out herein and for such other and further relief, at law and in equity, as the Court deems just.

Respectfully submitted,

THE LAW OFFICE OF THOMAS F. JONES III

By: */s/ Thomas F. Jones III*
Thomas F. Jones III
Texas Bar No. 10974400; Federal Id No. 4048
1770 St. James Place, Suite 105
Houston, Texas 77056
Tel: (832) 398-6182; Fax: (832) 200-3524
Email: tfjpacer@gmail.com
ATTORNEY FOR SMOKINKWR LLC