IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § | Case No. 21-33989 |
| **SMOKINKWR, LLC** | § § | Chapter 11 |
| Debtor. | § § § | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR,
<u>IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION</u>**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 5, 2022 at 10:00 AM (PREVAILING CENTRAL TIME). PLEASE DIAL (832) 917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ' CONFERENCE ROOM NUMBER IS 590153.**

**TELEPHONIC PARTICIPANTS MAY CONNECT ONLINE TO VIEW THE COURT'S BROADCAST ON THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT:**

**HTTPS://WWW.GOTOMEET.ME/JUDGELOPEZ**

**IF YOU ARE ATTEMPTING TO VIEW THE BROADCAST ON AN IPAD OR SIMILAR DEVICE, YOU MAY BE REQUIRED TO DOWNLOAD A FREE APP FROM THE WEBSITE. IF YOU HAVE QUESTIONS, PLEASE EMAIL <u>ROSARIO_SALDANA@TXS.USCOURTS.GOV</u>.**

KRG Kingwood Commons, LLC ("KRG Kingwood" or the "Landlord"), a creditor and party-in-interest in this bankruptcy case, by counsel, and pursuant to 11 U.S.C. §§ 105, 361, 362(d), and 363(e), hereby moves the Court for entry of an Order granting relief from the automatic stay or, in the alternative, for adequate protection regarding the Premises (as defined below). In support of its motion, KRG Kingwood submits the Declaration of Patty Holder, attached hereto as **Exhibit 1**, and further states as follows:

## INTRODUCTION

1. With regard to the Premises, the Debtor, at best, can be characterized as either a squatter or a trespasser. It is not a party to any lease or agreement that gives it a current right of possession. Nevertheless, the Debtor has occupied the Premises since the petition date and has made only one monthly payment.

2. Under these circumstances, the Court should have little difficulty in concluding that stay relief is appropriate under sections 362(d)(1) and (d)(2) of the Bankruptcy Code. Courts have readily found "cause" to exist where a debtor has a mere possessory interest in the property at issue. For this same reason, there can be no "equity" in the Debtor's interest in the subject property—which is, at most, a month-to-month tenancy under Texas state law.

3. Alternatively, the Debtor should be compelled to provide KRG Kingwood adequate protection for its continued use of the Premises. The prospect of an administrative claim with the hope of future payment does not adequately protect KRG Kingwood's interests. Moreover, the Court should adopt a mechanism to avoid the need for KRG Kingwood to come back to Court repeatedly in order to compel future payment.

**JURISDICTION AND VENUE**

4. Smokinkwr LLC (the "<u>Debtor</u>") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 14, 2021 (the "<u>Petition Date</u>").

5. Since the commencement of its Chapter 11 case, the Debtor has continued to operate its business and manage its assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Court has jurisdiction over this proceeding and the parties affected by this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion creates a core proceeding pursuant to 28 U.S.C. § 157(b).

7. This Motion is brought pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

9. KRG Kingwood is the owner and landlord of the Kingwood Commons Shopping Centre located at 532 Kingwood Drive, Kingwood, TX 77339 (the "Shopping Center").

10. On or about November 11, 2015, KRG Kingwood, as landlord, and Smokey Bites, LLC, as tenant, entered into an Agreement of Lease (the "<u>Lease</u>"), for the lease of certain real property located at the Shopping Center (the "<u>Premises</u>"). A true and correct copy of the Lease is attached to the Declaration of Patty Holder (the "Holder Dec.") as **Collective Exhibit A**.

11. The Debtor is not a party to the Lease and KRG Kingwood never affirmatively consented to the assignment of the Lease to the Debtor.

12. KRG Kingwood continued to receive monthly rent payments through October 2021, at which time checks were being returned for insufficient funds. As of the Petition Date, the rent obligations related to the Premises had been underpaid in an aggregate amount of Sixteen

3

Thousand Three Hundred One and 67/100 Dollars ($16,301.67) (the "Rent Deficiency"). A true and correct copy of the tenant ledger, evidencing the unsecured claim, is attached to the Holder Dec. as **Exhibit B**.

13. To date, KRG Kingwood has not received payment for either February 2022 rent or March 2022 rent. Assuming that April 2022 rent is not paid on or before the date that this Motion is expected to be heard, the total post-petition rent arrearage owed will sum to $19,443.23.[1]

## ARGUMENT

I. **The Court Should Lift the Automatic Stay as to KRG Kingwood Pursuant to Either Section 362(d)(1) or 362(d)(2).**

14. KRG Kingwood requests relief from the automatic stay for the purpose of permitting KRG Kingwood to enforce its rights in accordance with applicable state law, and to administer and dispose of any personal property remaining at the Premises upon surrender of possession.

15. Section 362(a) of the Bankruptcy Code acts as an automatic stay, which prevents creditors from commencing "a judicial … or other action or proceeding against the debtor …" and from engaging in "any act to obtain property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1) and (2).

16. The potential for the automatic stay harm to harm creditors is apparent. To ameliorate this concern, the Bankruptcy Code allows "an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased" by the debtor to request adequate protection from the debtor. 11 U.S.C. § 363(e). When an entity makes such a request, "the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." *Id.*

---

[1] This includes the pro-rated post-petition portion of rent for the month of December 2021 in the amount of $3,152.96.

4

17. The Bankruptcy Code provides other avenues for creditors negatively affected by the automatic stay. Relief from the automatic stay is *allowed* in certain circumstances and is *required* in others. Two conditions for mandatory stay relief are relevant here: (1) KRG Kingwood lacks adequate protection, and (2) the Debtor does not have equity in the property at issue, which is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d).

> **A. KRG Kingwood is Entitled to Relief from Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code.**

18. "Cause" for granting relief from stay exists because the Debtor is not an authorized party to the Lease and is not in lawful possession of the premises.

19. "Cause" is an intentionally broad and flexible concept so that courts may respond in equity to inherently fact-sensitive situations. *Mooney v. Gill,* 310 B.R. 543, 546 (N.D. Tex. 2002). While courts consider a variety of factors based on upon the context of the issue before them, the "cause" analysis, distilled to its essence, involves balancing the hardships of the parties and considering the goals of the Bankruptcy Code. *Id.*; *see also In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017).

20. The filing of a bankruptcy petition creates a bankruptcy estate and whatever rights, whether legal or equitable, that the debtor has to property as of the filing date are property of the estate. 11 U.S.C. § 541(a).

21. The filing of a bankruptcy case, however, does not create any rights that did not exist on the petition date. For example, nonresidential leases and other executory contracts that are validly terminated pre-petition do not become property of the estate. *See City Auto, Inc. v. Exxon Co., U.S.A.*, 806 F. Supp. 567, 568-69 (E.D. Va. 1992) (franchise agreement); *Miller v. Romberger (In re Romberger)*, 150 B.R. 125, 127 (Bankr. M.D. Penn. 1992) (real estate option); *In re Jarman*, 118 B.R. 380, 382 (Bankr. D.S.C. 1989) (nonresidential real estate lease).

22. As such, several courts readily have concluded that the automatic stay does not even apply as to such agreements. *City Auto, Inc.*, 806 F. Supp. at 569; *In re Jarman*, 118 B.R. at 382. Where a debtor would only have "a scintilla of equitable interest in the premises by virtue of its possession of the leasehold property" and that the debtor "had no rights under s 365 of the Code which could be assumed," there is ample grounds to find "cause" to grant relief from the automatic stay. *Tenent v. Tenfield, Inc. (In re Tenfield, Inc.)*, 12 B.R. 12, 13 (Bankr. E.D. Va. 1981).

23. Under these circumstances, the Court should have little trouble in concluding that "cause" exists for purposes of granting relief from stay pursuant to Section 362(d)(1). Since the Debtor remains in unlawful possession of the Premises, KRG Kingwood carries a disproportionate share of the hardship and will continue to do so unless the Court immediately grants the relief requested herein.[2]

    **B.    KRG Kingwood is Entitled to Relief from Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code.**

24. Pursuant to Section 362(d)(2) of the Bankruptcy Code, a court shall grant relief from the automatic stay where, with respect to a stay of an act against property, the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

25. The Premises is of no value to the bankruptcy estate. Neither the Debtor nor its estate has any equity in the Premises.

26. Because the Debtor is not a party to the Lease, there is nothing for the Debtor to assume or assign and therefore the Debtor has no equity in its leasehold interest, which, at best, is that of a month-to-month tenant under Texas law.

---

[2] Given the posture of this case, KRG Kingwood has serious concerns whether the estate is (or soon will become) administratively insolvent. Therefore, receiving an administrative claim for the duration of the Debtor's hold over tenancy would prove to be cold comfort.

6

27. Courts have held that both elements of Section 362(d)(2) are satisfied where a debtor does not have an interest in the property at issue. *See In re Jones*, 172 B.R. 535, 538 (Bankr. E.D. Tex. 1994). In such circumstances, these courts readily granted relief from stay under 362(d)(2). The Court should do so here.

**C.     Any Personal Property Remaining at the Premises After the Debtor Surrenders Possession Should Be Deemed Abandoned Pursuant to Section 554.**

28. Section 554(b) of the Bankruptcy Code permits a party-in-interest to request that the Court order the Trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

29. Any personal property remaining at the Premises upon surrender of possession presumably would be of no value to the bankruptcy estate.

30. Presumably, the Debtor would not leave personal property behind that it would consider necessary to its effective reorganization.

31. Therefore, abandonment of any personal property remaining at the Premises for the purpose of allowing KRG Kingwood to administer and dispose of the property is proper in this situation.

**II.    In the Alternative, the Court Should Compel the Debtor to Provide KRG Kingwood Adequate Protection for the Continued Use and Occupancy of the Premises.**

32. As set forth above, the Bankruptcy Code strikes a balance between the debtor's need to utilize property in its reorganization and the potential harm to entities with interests in that property. Consequently, Sections 361 and 363 of the Code require the Debtor to adequately protect the interests of entities whose property—which the entity cannot recover due to the automatic stay—the Debtor is using. *See* 11 U.S.C. §§ 361, 363(e).

33. Section 363(e) of the Bankruptcy Code provides that KRG Kingwood, as "an entity that has an interest in property used, sold, or leased, or proposed to be used, sold or leased, by the [Debtor]," can request adequate protection "at any time." 11 U.S.C. § 363(e). Under that Section, adequate protection is ***mandatory***: "the court, with or without a hearing, ***shall*** prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest . . . ." *Id.*

34. In order to trigger mandatory stay relief under Section 363(e), moving creditor must show that it has an interest in the property; a debtor fails to prove that the creditor's property is already adequately protected. on request of. *Id.*; *see also* 11 U.S.C. § 363(p)(1) (providing that a debtor "has the burden of proof on the issue of adequate protection"). Where the moving creditor bears its burden and a debtor does not, the creditor is entitled to adequate protection "prospectively from the time such protection is sought." *In re Best Products Co.*, 138 B.R. 155, 157 (Bankr. S.D.N.Y. 1992; *see also, e.g., In re Longbine*, 256 B.R. 470, 474 (Bankr. S.D. Tex. 2000).

35. Section 363(e) supports the provision of adequate protection through the prompt budgeting and payment of rent and related charges accruing after the Petition Date ("Post-Petition Rent"). *See In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (providing that a "landlord's right to adequate protection seems to follow clearly from the language of section 363(e)"); *In re D.M. Kaye & Sons Transp.*, 259 B.R. 114, 121-22, fn. 12 (Bankr. S.C. 2001) ("the amendment [to Section 363(e) of the Bankruptcy Code] suggests that such a lessor may obtain protection of its interest in the property leased to the debtor, such as protection of the value of the property or enforcement of the debtor's obligation to make rental payments under section 365(d)(1)" (internal citations and quotations omitted)); *In re MS Freight Distribution, Inc.,* 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) (landlord's right to be kept current on post-petition obligations is entitled to adequate protection).

36. Simply allowing the Debtor to indefinitely defer payment of the Post-Petition Rent and reserving rights for KRG Kingwood to assert administrative expense claims for the Post-Petition Rent does not adequately protect KRG Kingwood, especially where there is a growing potential for administrative insolvency. Ruling otherwise would give the Debtor an immediate and ongoing windfall, resulting in a highly inequitable risk-shifting of administrative insolvency to KRG Kingwood and other similarly-situated landlords. It is for precisely that reason that Section 361(3) clearly provides that adequate protection may not take the form of a deferred administrative claim. 11 U.S.C. § 361(3).

37. Here, the Debtor can show no adequate protection being provided to KRG Kingwood. If it seeks to use the Premises to generate income for the benefit of the estate, the Debtor must pay all Post-Petition Rent and related charges and fees, including reasonable attorneys' fees.

38. Additionally, in the event that KRG Kingwood is brought current on all outstanding obligations under the Lease while this Motion is pending before the Court, KRG Kingwood requests entry of an Order to avoid the need to file subsequent motions in order to prod the Debtor to remain current on a go-forward basis and to avoid the attendant costs in doing so.

WHEREFORE, to the extent that the automatic stay applies, KRG Kingwood, LLC respectfully requests that the Court enter an Order (a) granting KRG Kingwood relief from the automatic stay for the purpose of enforcing its rights in accordance with applicable state law; (b) granting KRG Kingwood relief from the automatic stay for the purpose of permitting KRG Kingwood to administer and dispose of any personal property remaining at the Premises in accordance with applicable state law; (c) directing the Debtor to abandon its interest in any personal property remaining in the Premises upon surrender; (d) pursuant to Rule 4001(a)(3) of

the Federal Rules of Bankruptcy Procedure, granting KRG Kingwood relief from the 10 day stay of any Order entered granting the aforementioned relief; (e) requiring the Debtor to provide adequate protection to KRG Kingwood as set forth herein, and (f) granting such other and further relief as may be just and proper.

**DATED: March 7, 2022**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   /s/  *Michelle E. Shriro*
      Michelle E. Shriro
      State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com

**AND**

Mark A. Bogdanowicz
Howard & Howard Attorneys PLLC
211 Fulton Street, Suite 600
Peoria, IL 61602-1350
Phone: 309.999.6320
Fax: 309.672.1568
Email: mbogdanowicz@howardandhoward.com

ATTORNEYS FOR:
KRG KINGWOOD COMMONS, LLC

10

**CERTIFICATE OF CONFERENCE**

This is to certify that I have spoken to counsel for the Debtor on February 3, 2022, and several occasions thereafter, regarding the facts underlying this Motion, as well as to determine Debtor's position on the relief being requested. To date, counsel for the Debtor has not responded with a definite response, which has now necessitated the filing of this Motion.

/s/  *Mark A. Bogdanowicz*
Mark A. Bogdanowicz

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties listed below, on this 7th day of March, 2022.

| **DEBTOR:**<br>Smokinkwr LLC<br>2124 Rope Maker Road<br>Conroe, TX 77384-2510<br>**VIA ECF Noticing through its attorney** | **COUNSEL FOR THE DEBTOR:**<br>Thomas Frederick Jones, III<br>Law Office of Thomas F. Jones III<br>1770 St. James Place, Suite 105<br>Houston, TX 77056-3441<br>**VIA ECF Noticing** |
|---|---|
| **TRUSTEE:**<br>Brendon D. Singh<br>Tran Singh, LLP<br>2502 La Branch Street<br>Houston, TX 77004<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Ha Minh Nguyen<br>Office of the US Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX 77002<br>**VIA ECF Noticing** |

/s/  *Michelle E. Shriro*
Michelle E. Shriro