IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| SMOKINKWR LLC, | § | CASE NO. 21-33989 |
| | § | |
| *Debtor-in-Possession.* | § | |

**OBJECTION OF HARRIS COUNTY AND MONTGOMERY COUNTY TO KRG KINGWOOD COMMONS, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**
(Ref. Docket No. 122)

**NOW COMES**, Harris County and Montgomery County, secured creditors in the above-numbered and styled bankruptcy case, and file this objection to KRG Kingwood Commons, LLC's ("Movant") Motion for Relief From the Automatic Stay Or, In the Alternative, For Adequate Protection (the "Motion") and respectfully represents:

1. Harris County and Montgomery County are fully secured *ad valorem* tax creditors of the Debtor, holding prior perfected liens against property of the Estate. Harris County's claim and Montgomery County's claim are each secured by first priority liens pursuant to Texas Tax Code § 32.01, *et seq*.

2. Section 32.01 provides:

   `The lien exists in favor of each taxing unit having power to tax the property.

   (b)   A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

   (d)   The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit.

1

TEX TAX CODE § 32.01(a)-(b), (d).

3. Further, pursuant to section 32.05(b) of the Texas Property Tax Code, Harris County's lien and Montgomery County's lien are both superior to the claims of creditors of the property's owners and to claims of persons holding liens on the property. Section 32.05(b) provides that:

> [A] tax lien provided by this chapter takes priority over the claims of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.

TEX. PROP. TAX CODE § 32.05(b); ); *See also ABN AMRO Mortg. Group v. TCB Farm and Ranch Land Investments,* 200 S.W. 3d 774, 779 (Tex. App.—Fort Worth 2006) (holding that a tax lien for ad valorem taxes is always senior to and has priority over other liens, regardless of whether it is timely filed by the taxing authorities); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S.W.2d 841 (Tex. App. – Eastland 1995, no writ) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).

## Objection

4. Harris County has filed a secured proof of claim in the amount of $16,047.19 for ad valorem taxes for various tax years ranging from 2015-2021. Montgomery County has filed a secured proof of claim for $26,864.31 for various tax years ranging from 2014-2021. In addition, tax liens for both Harris County and Montgomery County have attached to the Debtor's personal property to secure payment of the 2022 taxes. Because the tax liens are *in solido*, such taxes attach to all personal property owned by the Debtor and are not limited to or are restricted to

recover the value of the property only located at the leased premises. *See In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002).

5. Harris County and Montgomery County are interested parties in connection with the said Motion to the extent that any determination made by the Court in connection with such Motion or any agreement made by the Debtor and the Movant may adversely affect the tax liens which secures payment of the taxes. Harris County's and Montgomery County's liens prime any liens that may be held by the Movant on the personal property at the premises. Accordingly, absent a provision in the order that requires the Movant to pay the taxes owed on the personal property or a provision that provides that the stay also lifts to both Harris County and Montgomery County, Harris County and Montgomery County object to the lifting of the stay.

**WHEREFORE PREMISES CONSIDERED,** Harris County and Montgomery County respectfully request that the Court deny the Motion and that it grant Harris County and Montgomery County such other and further relief, at law or in equity, as is just.

Dated:  March 17, 2022

    Respectfully submitted,

    **LINEBARGER GOGGAN**
    **BLAIR & SAMPSON, LLP**

    */s/ Jeannie L. Andresen*
    **JOHN P. DILLMAN**
    Texas State Bar No. 05874400
    **TARA L. GRUNDEMEIER**
    Texas State Bar No. 24036691
    **JEANNIE L. ANDRESEN**
    Texas State Bar No. 24086239
    Post Office Box 3064
    Houston, Texas 77253-3064
    (713) 844-3478 *Telephone*
    (713) 844-3503 *Telecopier*
    john.dillman@lgbs.com
    tara.grundemeier@lgbs.com
    jeannie.andresen@lgbs.com

*Counsel for Harris County and Galveston County*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Southern District of Texas on March 17, 2022.

/s/ *Jeannie L. Andresen*
**Jeannie L. Andresen**