IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SMOKINKWR, LLC | § | CASE NO. 21-33989 |
| | § | |
| DEBTOR | § | |

**ARMISH LLC MOTION TO LIFT THE AUTOMATIC STAY**
**LEASE 6065 SPORTS VILLAGE PLAZA, FRISCO, TEXAS**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NOT LATER THAN APRIL 14, 2022 AND YOU MUST ATTEND THE HEARING.**

**THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONIC DELIVERY IF IT IS SENT LESS THAN 7 DAYS PRIOR TO THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING. IF A TIMELY OBJECTION IS FILED, THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON APRIL 19, 2022, AT 10:00 A.M. IN COURTROOM 401, 515 RUSK, HOUSTON, TX 77002.**

**IF YOU HAVE QUESTIONS, PLEASE EMAIL ROSARIO_SALDANA@TXS.USCOURTS.GOV. TELEPHONIC PARTICIPANTS MAY CONNECT ON-LINE TO VIEW THE COURTS BROADCAST ONTO THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT: TELEPHONIC PARTICIPANTS MAY CONNECT ONLINE TO VIEW THE COURT'S BROADCAST ON THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT:**

**HTTPS://WWW.GOTOMEET.ME/JUDGELOPEZ**

**IF YOU ARE ATTEMPTING TO VIEW THE BROADCAST ON AN IPAD OR SIMILAR DEVICE, YOU MAY BE REQUIRED TO DOWNLOAD A FREE APP FROM THE WEBSITE. IF YOU HAVE QUESTIONS, PLEASE EMAIL ROSARIO_SALDANA@TXS.USCOURTS.GOV.**

COMES NOW Armish, LLC ("Armish"), and files this Motion for Relief from Stay (this "Motion"), and in support hereof, do respectfully show the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.

2. This matter is governed primarily by 11 U.S.C. §362(d)(1).

### Introduction

3. The Debtor is a party to a Lease with Armish. The Debtor is materially delinquent in connection with the payment of rent.

4. The automatic stay may be lifted either for cause due to lack of adequate protection through the payment of rent, or due to a lack of equity combined with a lack of necessity to any proposed reorganization.

### Facts

5. The Debtor filed for bankruptcy protection on or about October 20, 2021.

6. A lease agreement (the "Lease") was entered into as of December 1, 2016 between Rochester Frisco Medical I, LLC as landlord and Time Out Barbeque, LLC as tenant. Armish LLC became a successor in interest to the original landlord.

7. On or about January 15, 2021 Armish's landlord entered into a Commercial Lease Amendment with the Debtor as tenant (the "Amendment"). A true and correct copy of the Amendment is attached hereto and incorporated herein as Exhibit "A".

8. The terms and conditions of rent are set forth in the Amendment. As of March 15, 2021, the Amendment provides that the tenant will pay $6,222.00 in monthly rental through and including January 14, 2022. That payment consists of basic monthly

rental of $4,697.92 and the tenant's proportionate share of basic common area maintenance costs in the amount of $1,524.08.

9. The balance of two months' rent is equally divided over twenty-four (24) months such that rent is due in the amount of $6,740.00.

10. The Debtor was delinquent in connection with the payment of rent in the amount of not less than $38,678.00 during the calendar year 2021. The Debtor has failed to make the February or March payment or a partial payment for the month of December.

11. Armish is not adequately protected by the payment of the rent due by the Debtor. The Debtor has no equity in the lease. On information and belief, on a pre-petition basis, the Debtor ceased operations at the premises which is the subject of the lease. On a post-petition basis, the landlord locked Debtor out of the non-operating premises for nonpayment of rent. Upon demand by counsel for the Debtor, access was re-established promptly as to the nonoperating premises. On information and belief, there have been no post-petition operations at this location.

12. Upon information and belief, the Debtor continues to maintain possession and control of the premises but does not operate.

13. Upon information and belief, the property is not necessary to an effective reorganization.

14. Cause exists for the termination of the automatic stay for cause to allow Armish to retake possession of the premises.

15. In connection with that lease, Armish has a lien on certain personal property contained within the lease space known as Commercial Lease Amendment in connection with 6065 Sports Village Plaza, #800, Frisco, Texas 75034 as of January 15, 2021. The landlord's lien is contained in Section 19 of the Lease.

16.     The original Lease assumed prepetition by the Debtor was entered on December 1, 2016.

## Relief Requested

17.     Section 362 (d)(2) of the United States Bankruptcy Code provides that on request of a party in interest after notice and hearing, the Court shall grant relief from the automatic stay with respect to an act against property if the Debtors do not have equity in the property and such property is not necessary to an effective reorganization.

18.     Specifically, Section 362 provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if -

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.; or

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) -

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

19. The motion to lift stay should be granted because the Debtor has no equity in the property and the property is not necessary to an effective reorganization.

20. The stay should lift for cause due to the non-payment of rent on a post-petition basis as required by the Lease.

## Conclusion

21. Section 362 automatic stay should be lifted in connection with the litigation which is the subject of this Motion.

22. The relief from the stay should be immediate and not stayed pursuant to Rule 4001(a)(3).

## Prayer

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Section 362 automatic stay be lifted in all things for cause under Section 362(d)(2); and the order of this Court should not be stayed for 14 days; and for such other and further relief as may be just and equitable.

Respectfully submitted,

By: */s/Mark J. Petrocchi*
Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
ATTORNEYS FOR ARMISH, LLC

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that he was unable to reach counsel for the Debtor on March 28, 2022.

*/s/Mark J. Petrocchi*
Mark J. Petrocchi

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the foregoing document to be served on the Debtor, Smokinkwr, LLC dba Dickey's Barbeque Pit, 2124 Rope Marker Rd., Conroe, TX 77384-2510 and to those parties registered for ECF service on the 28th day March 2022.

*/s/ Mark J. Petrocchi*
Mark J. Petrocchi

# TR TEXAS REALTORS

## COMMERCIAL LEASE AMENDMENT

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2010

**AMENDMENT TO THE COMMERCIAL LEASE BETWEEN THE UNDERSIGNED PARTIES CONCERNING THE LEASED PREMISES AT** 6065 Sports Village Plaza #800, Frisco, TX 75034

Effective on __20210115__, Landlord and Tenant amend the above-referenced lease as follows:

[X] **A. Leased Premises:** The suite or unit number identified in Paragraph 2A(1) is:

 [ ] (1) changed to _____.

 [X] (2) contains approximately __2517__ square feet.

[ ] **B. Term:**

 [ ] (1) The length of the term stated in Paragraph 3A is changed to _____ months and _____ days.

 [ ] (2) The Commencement Date stated in Paragraph 3A is changed to _____.

 [ ] (3) The Expiration Date stated in Paragraph 3A is changed to _____.

[X] **C. Rent:** The amount of the base monthly rent specified in Paragraph 4A is changed to:

 $ 4,697.92 from 01/15/2021 to 01/14/2022 ;
 $ 4,979.17 from 01/01/2022 to 01/14/2022 ;
 $ 5,208.33 from 01/01/2023 to 01/14/2023 ;
 $ 5,312.50 from 01/01/2024 to 01/14/2024 ;
 $ 5,416.67 from 01/01/2025 to 01/14/2025 .

[X] **D. Security Deposit:** The amount of the security deposit in Paragraph 6 is changed to $ 6,222.00 .

[ ] **E. Maintenance and Repairs:** The following item(s) specified in the identified subparagraph of Paragraph 15C will be maintained by the party designated below:

| Para. No. | Description | Responsible Party |
|---|---|---|
| _____ | _____ | [ ] N/A [ ] Landlord [ ] Tenant |
| _____ | _____ | [ ] N/A [ ] Landlord [ ] Tenant |
| _____ | _____ | [ ] N/A [ ] Landlord [ ] Tenant |
| _____ | _____ | [ ] N/A [ ] Landlord [ ] Tenant |

[ ] **F. Parking:**

 [ ] (1) **Common Parking:** The number of vehicles identified in Paragraph A(1) of the Commercial Lease Parking Addendum is changed _____ to vehicles.

 [ ] (2) **Restricted Common Parking for Tenants:** The number of vehicles identified in Paragraph A(2) of the Commercial Lease Parking Addendum is changed to _____ vehicles.

(TXR-2114) 1-26-10       Initialed for Identification by Landlord: _____, _____, and Tenant: _____, _____       Page 1 of 2

RE/MAX Trinity, 121 Countryside Ct. #120 Southlake, TX 76092       Phone: 817.929.3678       Fax: 817.310.5210       Mitu Kang
Beate Egerton       Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

EXHIBIT "A"

Amendment to Commercial Lease concerning    **6065 Sports Village Plaza #800 , Frisco, TX  75034**

    ☐ (3) <u>Assigned Parking</u>: Tenant's assigned parking areas identified in Paragraph A(3) of the Commercial Lease Parking Addendum is changed to _____.

    ☐ (4) <u>Parking Rental</u>: The amount of rent identified in Paragraph B of the Commercial Lease Parking Addendum is changed to $ _____.

☒ G. Other: Paragraph(s) _____ are changed to read *(cite specific paragraphs and copy the applicable paragraphs verbatim, making any necessary changes):*
**In agreement with Dickey's Barbeque Restaurant, Inc. a new tenant, BRIAN M HUBBARD doing business in the name of SMOKINKWR LLC is taking over the Dickey's Barbeque lease from Lubna Bilal who was doing business as Bold Consulting Services, LLC.**
**All terms of the existing lease agreement remain unchanged, except those listed in this amendment.**

**The security deposit of $6,222.00 will be paid over the next six months in equal monthly installments of $1037.00 with the first payment due January 15th 2021 and the final payment June 15th 2021.**

**The rent and triple net for the first two months in the total amount of $12,444.00 ($6,222.00 per month) will also be paid in installments in the monthly amount of $518.50 over 24 months starting July 15th 2021 with the final payment due on June 15th 2023.**

**Starting March 15th 2021 the Tenant will pay $6,222.00 monthly until January 14th 2022.**
**The payment consists of the basic monthly rental of $4,697.92 and Tenants Proportionate Share of Basic Cost in the amount of $1,524.08 (NNN).**

**New tenants' address: 2124 Rope Maker Rd, Conroe, TX 77384**
**phone: 682-583-3510  email: brian.hubbard@smokinkwrllc.com**
**Continued... See Addendum Other 1**

**Landlord:** <u>Armish LLC</u>              **Tenant:** <u>Smokinkwr LLC</u>

By: <u>Gurmeet Kang</u>                      By: <u>Brian Hubbard</u>

    By (signature): _____          By (signature): _____
    Printed Name: <u>Gurmeet Kang</u>                   Printed Name: <u>Brian Hubbard</u>
    Title: <u>Manager</u>              Date: _____          Title: <u>Owner /Manager</u>              Date: _____

By: _____          By: _____

    By (signature): _____          By (signature): _____
    Printed Name: _____          Printed Name: _____
    Title: _____ Date: _____          Title: _____ Date: _____

## ADDENDUM

PROPERTY: <u>6065 Sports Village Plaza #800 , Frisco, TX  75034</u>

**1) Other**

Date: _____     Date: _____

_____     _____
Signature                                                Signature

Date: _____     Date: _____

_____     _____
Signature                                                Signature

**Addendum**

RE/MAX Trinity, 121 Countryside Ct. #120 Southlake, TX 76092                               Phone: 817.929.3678       Fax: 817.310.5210                Mitu Kang
Beate Egerton              Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com